The Honorable Horace A. Hardwick State Representative 4 Saddlewood Place Bentonville, AR 72712-4075
Dear Representative Hardwick:
I am writing in response to your request for my opinion on a question arising from the following reported facts:
 The Northwest Arkansas Community College District (the "College District") was approved at a special election in 1989. In addition to approving the formation of the College District, the voters approved a levy of a three mill ad valorem tax on real and personal property within the College District. In accordance with the ballot, one mill of tax was pledged to repay the College District bonds issued for construction and furnishing of building and facilities for the College. . . .
 The College District now has bonds in the approximate amount of $9 million outstanding, and one mill of the tax was pledged to repay the bonds. The bonds were issued pursuant to Amendment 52 of the Arkansas Constitution and Arkansas Code Annotated 6-61-1001 through 1014.
 The City of Rogers recently prepared a Tax Increment Financing Plan for a TIF District (the "TIF District") which incorporates part of the territory within the tax base for the College District. . . .
 With respect to the creation of TIF districts under Arkansas law, Section 1(d) of Amendment 78 to the Arkansas Constitution provides that "there shall be excluded from the division of all ad valorum [sic] taxes for debt service approved by the voters in a taxing prior to the effective date of this amendment.
Against this backdrop, you have posed a question I will paraphrase as follows:
 Will the one mill pledged by the Northwest Arkansas Community College District to debt service be affected by a Tax Increment Financing District created by the City of Rogers that incorporates part of the territory within the tax base for the College District? In particular, will the College District's one mill of debt service tax participate in the increase of the ad valorem taxes in the TIF District?
RESPONSE
I must respectfully decline to answer your questions, which raise issues that I am informed will soon be the subject of a declaratory judgment action to be filed by the Fayetteville City Attorney in connection with the formation of a tax incremental financing (TIF) district, pursuant to Ark. Const. amend. 78 and A.C.A. § 14-168-301 to -322 (Supp. 2003), with the incremental increase in certain property tax revenues to be dedicated to retiring debt incurred to renovate the Mountain Inn in Fayetteville. More specifically, it is my understanding that the issue will be precisely what property-tax revenues will be subject to diversion to the newly created TIF district. It has long been the policy of this office to avoid rendering opinions on matters that are the subject of current or impending litigation. See Ark. Op. Att'y Gen. No. 2002-031 ("[I]n order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are either pending or appear inevitably bound to be submitted to the courts for resolution."); and Ark. Op. Att'y Gen. No. 96-138 (declining to issue an opinion where litigation was imminent on the question presented, where school districts had already obtained counsel in the matter, and where the Attorney General's office was charged with the duty of defending a state agency).
I regret that I could not be of assistance in this matter.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh